NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TANJEET SINGH; SUKH VEER KAUR; R.K.; A.K.,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-1077<br><br>Agency Nos.<br>A220-775-384<br>A220-775-383<br>A220-775-385<br>A220-775-386<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Tanjeet Singh, his wife Sukh Veer Kaur, and their two minor children, R.K. and A.K., all natives and citizens of India, petition for review of the order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") to deny their applications for asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (internal citation omitted). We review de novo questions of law. *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir. 2005). We review for substantial evidence the agency's factual findings, including relocation determinations. *Akosung v. Barr*, 970 F.3d 1095, 1102 (9th Cir. 2020).

The BIA affirmed the IJ's conclusion that Singh could reasonably and safely relocate to the state of Punjab. We conclude that the IJ's relocation determination is supported by substantial evidence, particularly in light of recent political changes in Punjab reflected in the record. Contrary to Singh's assertions, the IJ's written decision was premised on the assumption that Singh would continue his political activity with the Mann Party if relocated. The availability of reasonable and safe internal relocation is dispositive of the asylum and withholding-of-removal claims. *INS v. Ventura*, 537 U.S. 12, 18 (2002) ("an individual who can relocate safely within his home country ordinarily cannot qualify for asylum here"); *Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008) (noting that an absence of well-founded fear of future persecution defeats a withholding-of-removal claim).

The BIA also affirmed the IJ's conclusion that Singh had not established past torture. The record does not compel a contrary conclusion. Nor does the country conditions evidence in this case compel the conclusion that he or his family is more likely than not to be tortured if returned to India and relocated to Punjab. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020) (upholding the agency's denial of CAT relief where the record supported the conclusion that the petitioner could safely internally relocate within Mexico). Therefore, the CAT claim also fails.

Because these are sufficient and independent grounds to deny the petition, we do not reach the issues surrounding the IJ's adverse credibility determination.

The other petitioners' claims are solely derivative of Singh's claims. They too are thus denied.

**PETITION DENIED.**